DAVID V. LEANSE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leanse v. Commissioner
Docket No. 20542-92
United States Tax Court
T.C. Memo 1994-68; 1994 Tax Ct. Memo LEXIS 64; 67 T.C.M. (CCH) 2198; February 22, 1994, Filed *64 Decision will be entered for respondent. David V. Leanse, pro se. For respondent: Linette Angelastro. NAMEROFF
NAMEROFF
MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined deficiencies and additions to tax in petitioner's Federal income taxes for the taxable years 1985, 1986, and 1987, as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) Sec. 6653(a)(1)
Sec. 6653(a)(1)(A) 1985
$ 3,820
$ 160.73
[1] $ 191
--
1986
3,135
--
--
[1] $ 157
1987
3,809
1,284.17
--
[1] 190
The issues for decision are: (1) Whether petitioner is entitled to a deduction *65 in the amount of $ 10,800 for rent on business property for each of the years 1985, 1986, and 1987; and (2) whether petitioner is liable for the additions to tax as determined. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein, petitioner resided in Malibu, California. Petitioner bears the burden of proving respondent's determinations are erroneous. Rule 142(a); . Rent Deduction
Petitioner is an attorney specializing in real estate law. In 1980, petitioner obtained a California State real estate broker's license, and, in 1984, became a full-time real estate broker. To further his real estate activities, in July 1984, petitioner rented office space located at 22653 Pacific Coast Highway from Malibu Pacific Partners, Ltd., for the operation of Leanse Realty. During the years at issue, petitioner stipulated that he conducted all his real estate related activities at his Pacific Coast Highway office, with the exception of the time for showing properties. Additionally, *66 in 1984, petitioner was offered the opportunity to be the exclusive leasing agent for Malibu Colony West (Malibu Colony), a 14-unit condominium complex located at 31228-31252 Bailard Road owned by Malibu Colony West, Ltd. [2] However, as the exclusive leasing agent of such property, petitioner was required to lease a unit and reside at Malibu Colony. Accordingly, petitioner leased a unit from Malibu Colony West, Ltd.; [3] however, petitioner received a substantial discount on the rent. Generally, a unit like petitioner's, a 2-bedroom, 2-1/2-bath townhouse, was listed for $ 2,200 per month; petitioner only paid $ 1,800 per month. As the leasing agent of *67 Malibu Colony, petitioner received a commission of either 5 percent or 8 percent of the annual rent of each condominium, depending upon the circumstances under which the individual unit was rented. Moreover, in 1984, petitioner believed, based on conversations with the partners of Malibu Colony West, Ltd., that the units would be offered for sale in the near future and that he would be the exclusive sales agent. Petitioner testified that, based on the promise of commissions from future sales, he decided to become the exclusive leasing agent for Malibu Colony. Ultimately, in 1989, petitioner did, in fact, enter into an agreement entitled "Subdivision Exclusive Authorization and Right to Sell" which gave petitioner the exclusive right for 120 days to sell the Malibu Colony units. Indeed, in 1990, petitioner earned substantial commissions from the sale of these units. Petitioner on a Schedule C for each of the years 1985, 1986, and 1987 deducted $ 10,800 as rental expense; that amount allegedly represents one-half the monthly rent on the condominium at Malibu Colony in which petitioner resided. Petitioner contends that because he rented the Malibu Colony condominium solely for *68 the purpose of becoming the exclusive leasing and sales agent of the complex, he is, therefore, entitled to deduct as a business expense under section 162 the amount of rent which he considers to be in excess of the normal rental amount he would have paid. Respondent, however, contends that petitioner does not meet the requirements of section 280A, and, therefore, is not entitled to the deductions claimed. Section 162(a) allows a taxpayer to deduct "all the ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business". However, no deduction is allowed for personal, living, or family expenses. Sec. 262(a). Section 280A(a), in general, denies deductions with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. However, section 280A(c) permits the deduction of expenses allocable to a portion of the dwelling unit which is exclusively used on a regular basis as "the principal place of business" for any trade or business of the taxpayer. Sec. 280A(c)(1)(A). Therefore, to qualify for a deduction under section 280A(c), petitioner must establish that a portion of his dwelling is (1) exclusively used, *69 (2) on a regular basis, and (3) as the principal place of business for his trade or business. . Clearly, petitioner does not meet the requirements of section 280A(c). Petitioner testified and stipulated that all his real estate activities were conducted at his Pacific Coast Highway office. Rather, petitioner considers a portion of his rental payments to be a "kickback" and therefore deductible under section 162. Petitioner relies on , revg. , in which case a subcontractor at a large shopping mall construction site was allowed deductions for legal kickback payments made to the supervisor of the primary contractor because the kickback payments were made in order to retain the taxpayer's construction contracts. However, the subcontractor's payments were not governed by section 280A, and, therefore, Raymond Bertolini Trucking Co. is not applicable to the instant case. The expenses claimed in the instant case, even if we were to consider them kickback *70 payments, which we do not, are expenses related to the use of a residence and are governed by section 280A, the requirements of which petitioner failed to meet. Accordingly, we sustain respondent. Section 6651(a)(1)
Respondent determined additions to tax for 1985 and 1987 under section 6651(a)(1) for failure to file a tax return on or before the date prescribed. Section 6651(a)(1) imposes an addition to tax for failure to timely file a tax return unless it is shown that such failure was due to reasonable cause and not willful neglect. As petitioner conceded that he failed to timely file his 1985 and 1987 tax returns and has failed to show that reasonable cause existed for his failure to do so, we sustain respondent. Section 6653
Section 6653(a)(1) for 1985 and section 6653(a)(1)(A) for 1986 and 1987 impose an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) for 1985 and section 6653(a)(1)(B) for 1986 and 1987 impose an addition to tax of 50 percent of the interest due in the portion of the underpayment attributable to negligence. Negligence is defined as the failure *71 to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner also has the burden of proof on this issue. . We have held that the failure to file a return without reasonable cause is a prima facie case of negligence. , affd. . Moreover, petitioner has failed to demonstrate that he was not negligent or that he had any reasonable basis for claiming any of the deductions the disallowance of which has been sustained by this Court. Accordingly, we sustain respondent on this issue. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. Plus 50 percent of the interest due on the entire deficiency under sec. 6653(a)(2) for 1985 and under sec. 6653(a)(1)(B) for 1986 and 1987.↩
2. The partners in Malibu Pacific Partners, Ltd., were also the partners in Malibu Colony West, Ltd.↩
3. While the standard lease for the rental of a condominium at Malibu Colony contained a paragraph permitting the subletting of such condominium with prior written consent of the landlord, petitioner's lease clearly prohibited petitioner from subletting his unit.↩